UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, | ) ) ) | |
| Plaintiff, | ) ) | No. 19 C 3831 |
| v. | ) ) | |
| MALLERS BUILDING, LLC ET AL., | ) ) | Judge Thomas M. Durkin |
| Defendants. | ) ) | |

**MEMORANDUM OPINION & ORDER**

This action concerns insurance claims made to Great American following a 2018 fire at a high-rise building owned by Mallers Building, LLC and operated by Spectrum Properties Group, Inc. (together, "Mallers"). Great American's original complaint asserted two counts for declaratory judgment regarding its obligations to Mallers under the insurance policy between them. Great American later amended its complaint to include a new claim—now designated as Count II—for "unjust enrichment/restitution." Mallers moved to dismiss Count II. R. 34. For the reasons explained below, the Court grants in part and denies in part that motion.

**Standard**

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of

the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## Background

According to Count II, following the 2018 fire that is at the center of this lawsuit, Mallers initially represented that the construction of temporary "swing spaces" was necessary to prevent displaced tenants from terminating their leases (and mitigate their losses from the fire). Great American also alleges that after it committed to fully reimburse Mallers for that construction—to the tune of nearly $4.9 million—Mallers told Great American that reconstruction of the displaced tenants' original spaces on an accelerated schedule was also necessary to prevent tenants from terminating their leases. This acceleration would cost another almost $4.8 million.

2

Great American contends that either the representation about the need for temporary spaces was false, or the representation about accelerated reconstruction of permanent space was false. According to Great American, both "cannot be true;" that is, the obligation to pay both does not exist. Great American also alleges that of the nearly $4.9 million it provided to fund the swing space construction, Mallers still holds over $1.68 million originally meant for the construction company, Belfor USA Group, Inc. ("Belfor"). It alleges that Mallers has thus retained amounts paid to it in excess of the actual cost to build the spaces, amounts to which they are not entitled per the parties' agreement. Great American seeks reimbursement for the full cost of the construction of swing spaces if the nearly $4.8 million in costs to expedite the permanent construction is covered under the policy, but at least the $1.68 million that Great American was "overcharged" (and Mallers retained). Mallers moves to dismiss Count II.

## Analysis

In support of its motion, Mallers argues that a claim for unjust enrichment: (1) cannot lie where, as here, a contract governs the parties' relationship; and (2) must be tied to some other cognizable claim of "unlawful or improper conduct" (and here, it is not). In response, Great American contends that Illinois courts and certain federal courts (including this one in *Clean Harbors Services, Inc. v. Illinois International, Port District*, 309 F. Supp. 3d 556, 568-69 (N.D. Ill. 2018)) have allowed unjust enrichment claims when they concern payments not contemplated by the contract, including payments made by mistake.

The Court agrees. Indeed, under Illinois law, "a party may pursue an unjust enrichment claim for a mistaken payment, even where a contract governs the relationship between the parties, if the payee is not, in fact, entitled to payment." *Fifth Third Bank v. Automobili Lamborghini S.P.A.*, 2011 WL 307406, at \*4 (N.D. Ill. Jan. 26, 2011). But the problem for Great American is that it did not allege a "mistake of fact;" a "mistake of fact" concerns a "present or past fact," not a "prediction or judgment as to events to occur in the future." Restatement (Second) of Contracts § 151. The representation that construction of swing spaces was necessary to prevent tenant loss was only a "prediction," and nothing about the way Count II is pled convinces the Court otherwise.

Further, nor do the allegations foreclose the possibility that *both* the construction of swing spaces *and* the accelerated rebuild of the permanent spaces could be necessary to prevent tenant loss, and nor does Great American allege that Mallers ever represented that *only* the construction of swing spaces was required. The August 22, 2018 letter from Mallers to Great American that is referred to and relied upon in Count II (and which is attached to Defendants' motion and thus properly considered by the Court here, *Venture Assocs. Corp. v. Zenith Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)) suggests otherwise. That is, rather than stating that swing spaces would not help prevent the tenants from leaving as Great American alleges, the letter states "Unfortunately, the provision of temporary swing spaces does not magically relieve the insured's obligation to restore the leased spaces within the time constraints required by the leases." R. 47, Ex. A. The letter therefore simply

4

reiterates Mallers' obligation to complete repairs within the time period specified in the lease agreements. Accordingly, the Court cannot conclude that any "mistake of fact" existed to support Great American's claim for the entire cost of the swing space construction, and Count II fails to the extent it seeks that entire amount.

But the alleged overpayment for Belfor's services is another story. According to the allegations in the complaint, Great American was contractually obligated to reimburse Mallers for construction only to the extent of its actual cost. And there is no requirement that Great American allege that Mallers acted with "deceit or unfairness" in order to seek recovery of that amount. *See Minnesota Mutual Life Ins. Co. v. Starkman*, 1996 WL 450704, at *3 (N.D. Ill. Aug. 8, 1996) (citing *Bank of Naperville v. Catalano*, 408 N.E.2d 441, 444 (Ill. App. Ct. 1980)). Accordingly, because Great American alleges that the overpayment was mistaken, retained by Mallers, and not covered by the insurance policy, Great American has sufficiently stated a claim for that overage under Illinois law, and Mallers' motion to dismiss is denied to that extent. *See Clean Harbors Services, Inc. v. Illinois International, Port District*, 309 F. Supp. 3d 556, 568-69 (N.D. Ill. 2018).

## Conclusion

For the foregoing reasons, Mallers' partial motion to dismiss, R. 34, is granted to the extent Great American in Count II seeks to recover the entire cost of the swing space construction, but denied to the extent it seeks to recover the alleged overpayment for Belfor's services.

ENTERED:

Honorable Thomas M. Durkin
United States District Judge

Dated: May 27, 2020